# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

NORMA BROWN GRIFFIN,

    Petitioner,

v.                                                      CIVIL ACTION NO. 5:19-cv-00196

PATRICK MORRISEY,
West Virginia Attorney General,

    Respondent.

## **MEMORANDUM OPINION AND ORDER**

        Pending is Petitioner Norma Brown Griffin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. 2], filed March 20, 2019. This action was previously referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on November 21, 2019. Magistrate Judge Aboulhosn recommended that the Court (1) deny Respondent Attorney General Patrick Morrisey's Response requesting dismissal of Ms. Griffin's Section 2254 Petition for failure to exhaust; (2) grant Ms. Griffin a stay, and remove this action from the active docket pending further order of the Court, so that Ms. Griffin may pursue her State court remedies for her unexhausted claims and condition the stay on Ms. Griffin pursing her State court remedies within thirty (30) days of the date that the stay order is entered; and (3) hold in abeyance Ms. Griffin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 pending exhaustion of her State court remedies, and require Ms. Griffin to return to federal court within thirty (30) days after she has exhausted her State court remedies and seek a stay lift.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (noting parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on December 9, 2019. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [Doc. 27]; **DENIES** Attorney General Morrisey's Response requesting dismissal of Ms. Griffin's Petition [Doc. 22]; **GRANTS** Ms. Griffin a **STAY** conditioned on the pursuit of her State court remedies within **thirty (30) days** of the entry of this order; **RETIRES** this action to the inactive docket pending further order of the Court, so that Ms. Griffin may pursue her State court remedies for her unexhausted claims; holds in **ABEYANCE** Ms. Griffin's Petition for a Writ of Habeas Corpus [Doc. 2] pending exhaustion of her State court remedies; and **REQUIRES** Ms. Griffin to return to federal court within **thirty (30) days** after she has exhausted her State court remedies and seek a stay lift**.**

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTERED: December 31, 2019

Frank W. Volk
United States District Judge