UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

NORMA BROWN,

       Petitioner,

v.                                                      CIVIL ACTION NO. 5:19-cv-00196

PATRICK MORRISEY,
West Virginia Attorney General

       Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Respondents' Motion to Dismiss and for Judgment on the Pleadings [Doc. 67], filed November 20, 2023.

### I.

Ms. Brown instituted this action on March 20, 2019, pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus. [Doc. 2]. The case was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). After extensive case development, in both state and federal court, on November 20, 2023, Respondent filed a Motion to Dismiss and for Judgment on the Pleadings. [Doc. 67]. Ms. Brown, by counsel, filed her Response on December 20, 2023. [Doc. 69]. On December 27, 2023, Respondent filed his Reply. [Doc. 70]. Magistrate Judge Aboulhosn filed his PF&R on July 12, 2024. [Doc. 72]. Magistrate Judge Aboulhosn recommended the Court grant Respondent's Motion to Dismiss and Judgment on the Pleadings and remove this matter from the docket. [*Id.*]. Objections were due on July 26, 2024. [*Id.*]. In accordance with Magistrate Judge Aboulhosn's PF&R, Ms. Brown timely filed her objections on July 26, 2024. [Doc. 73].

Respondent Patrick Morrisey did not file any objections, and instead filed a Response to the Objections of the Petitioner on August 9, 2024. [Doc. 74].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

Ms. Brown objects to the magistrate judge's findings that (1) she failed to properly exhaust her claims of ineffective assistance of counsel, and (2) *West Virginia Code* section 61-2-13 is constitutional. First, she asserts "there are rare (if not unique) circumstances in this case that

prevented her from fully complying with the exhaustion requirements." [Doc. 73 at 1]. She thus urges the Court to "address the merits of" her "ineffective assistance of counsel claims and excuse any failure to completely exhaust her state court remedies." [*Id*. at 1-2]. Second, Ms. Brown "maintains that [*West Virginia Code* section] 61-2-13 is fatally flawed because it does not require a defendant act with any specific *mens rea* to be convicted of extortion." [*Id*. at 7].

A.     *Failure to Exhaust Claims of Ineffective Assistance of Counsel*

Magistrate Judge Aboulhosn concluded Ms. Brown failed to exhaust her claims of ineffectiveness and instead, once again, presented the Court with a mixed petition of both exhausted and unexhausted claims. [Doc. 72 at 33-47].

Pursuant to 28 U.S.C. § 2254, if a petition includes claims that are both exhausted and unexhausted, the Court may (1) dismiss the petition in its entirety, (2) stay pending exhaustion in state court, or (3) allow the petitioner to voluntarily dismiss the unexhausted claim(s) and proceed with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005). Pursuant to 28 U.S.C. § 2254(c), "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To be excused from the exhaustion requirement, Petitioner must establish "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Our Court of Appeals has noted that "the exhaustion requirement is satisfied so long as a claim has been 'fairly presented' to the state courts." *Baker v. Corcoran*, 220 F. 3d 276, 288 (4th Cir. 2000) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

3

On September 6, 2023, in the instant matter, Ms. Brown filed a Final Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and Memorandum of Law in this Court asserting two primary grounds. [Docs. 61, 62]. First, Ms. Brown presented Ground 1 alleging "[t]he statute under which [she] was convicted, W. Va. Code § 61-2-13, is unconstitutional because it does not require the State to prove that the defendant acted with any specific element of intent to secure a conviction." [Doc. 61 at 1]. Second, Ground 2 stated Ms. Brown received ineffective assistance of counsel in three specific ways, [*Id*. at 1-2], namely, (A) trial counsel failed to properly argue the issue of pastor/penitent privilege, (B) trial counsel failed to call an already-obtained expert witness to examine the authenticity of a recording between Ms. Brown and Mr. Griffin, and (C) appellate counsel failed to ensure the entire record was received from the Supreme Court of Appeals of West Virginia. [*Id*.]. As Magistrate Judge Aboulhosn noted, and ultimately Ms. Brown conceded, "[i]t is undisputed that Petitioner failed to fully exhaust her ineffective assistance of counsel claims (Grounds 2(A), (B), and (C)) as asserted in her Final Amended Petition." [Doc. 72 at 43]. Magistrate Judge Aboulhosn found, "[t]here is no allegation or indication that Petitioner should be excused from the exhaustion requirement because 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" [*Id*.].

Some have observed (1) state and federal habeas procedural requirements are nuanced, (2) the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are stringent, and (3) habeas matters can present an "unwary pro se" party with challenges to have their petitions addressed. *See generally Slack v. McDaniel*, 529 U.S. 473, 487 (2000). As Magistrate Judge Aboulhosn acknowledged in his 57-page PF&R, however, Ms. Brown is not an "unwary pro se prisoner," as she has received multiple, unambiguous notices respecting

4

her obligation to exhaust prior to returning here. [Doc. 72]. Furthermore, as Respondent notes, Ms. Brown's reliance on the "'complicated nature of appellate procedure in West Virginia' is not a sufficient reason to excuse Petitioner's failure to exhaust." [Doc. 74 at 4]. The Court agrees.

Simply put, Ms. Brown has been afforded ample opportunity to exhaust her ineffective assistance of counsel claims. First, this case was previously stayed on December 31, 2019, when the Court adopted Magistrate Judge Aboulhosn's PF&R, and Ms. Brown was permitted to exhaust her state court remedies within thirty (30) days of the stay being entered. [Docs. 27, 29]. Specifically, Magistrate Judge Aboulhosn observed "a writ of error *coram nobis* was an available State remedy for Petitioner. Given the unusual nature of Petitioner's procedural history where she was released from custody prior to resolution of her State habeas petition, Petitioner could establish extraordinary circumstances for the filing of a petition for writ of *coram nobis*." [Doc. 27 at 24]. The Court adopted Magistrate Judge Aboulhosn's PF&R, the case was stayed, and Ms. Brown was allowed to return to state court to exhaust her claims as required before returning to federal court. [Doc. 29].

Relying on the assertion that Ms. Brown exhausted her state remedies, on January 27, 2020, the Court granted Ms. Brown's Motion to Lift Stay. [Doc. 31]. Subsequently, Ms. Brown filed a Second Amended Writ of Habeas Corpus. [Doc. 46]. Yet, as the Respondent argued in the Motion to Dismiss Without Prejudice or for Stay Due to Petitioner's Failure to Exhaust her State Remedies filed on August 28, 2020, Ms. Brown's petition was yet mixed, with some claims not fully exhausted. [Docs. 48, 49]. On October 6, 2023, the Court agreed with Magistrate Judge Aboulhosn that a second stay should be granted, allowing Ms. Brown to -- once again -- attempt to fully exhaust her state claims. [Docs. 51, 52]. Magistrate Judge Aboulhosn noted a stay is "only appropriate in limited circumstances." [Doc. 51 at 36].

Ms. Brown's objection avoids engaging with a significant obstacle to her present contentions, namely that "[o]nce the petitioner is made aware of the exhaustion requirement, no reason exists for h[er] not to exhaust all potential claims before returning to federal court." *Slack v. McDaniel,* 529 U.S. 473, 489 (2000). Ms. Brown suggests having "appointed counsel in this Court cannot substitute for having representation in state court by someone familiar with the procedural quirks of that system."[1] [Doc. 73 at 5]. Yet, Ms. Brown has been "thoroughly informed of the exhaustion requirement" and the Court has specifically "explained the exhaustion requirement and stayed the above action so that [she] could return to State Court to fully exhaust her State Court remedies via *coram nobis* proceedings." [Doc. 72 at 44-45]. Ms. Brown cannot meet her obligations under the exhaustion requirement because, despite being provided opportunities to fully pursue a Writ of Error *coram nobis* in state court, she failed to appeal Grounds 2(A) and (C) to the Supreme Court of Appeals of West Virginia following an adverse ruling in the Circuit Court of Greenbrier County. [*Id*. at 44]. Further, Ground 2(B) was not there raised. [*Id*.]. Her failure to raise Ground 2(B) in her *coram nobis* on January 8, 2021, is inexcusable because, "[she] was clearly aware of all three claims of ineffective assistance of counsel as such were initially asserted in her *pro se* Amended Section 2254 Petition filed on March 6, 2020." [Doc. 72 at 44].

Give the explicit instructions of the Court to exhaust prior to returning here, she does not present a unique circumstance warranting excusal of the exhaustion requirement.

---

[1] The Court notes, but rejects, Respondent's assertion that Ms. Brown "was not entirely uncounseled below" because she was appointed counsel in this federal matter. [Doc. 74 at 3]. It is inappropriate to suggest that counsel for Ms. Brown in the instant matter had some professional obligation or duty to aid her in the state processes.

6

Accordingly, Ms. Brown failed to exhaust her state remedies regarding the entirety of Ground 2 in her Final Amended Petition for A Writ of Habeas Corpus under 28 U.S.C. § 2254.

Accordingly, inasmuch as Magistrate Judge Aboulhosn correctly concluded Ms. Brown did not properly exhaust Grounds 2(A), (B), and (C), and she has not presented a meritorious reason for excusal of the exhaustion requirement, the Court **OVERRULES** Ms. Brown's objection.

B.  *Constitutionality of West Virginia Code Section 61-2-13*

Ms. Brown next contends "W. Va. Code § 61-2-13 is unconstitutional because it does not require the state to prove that the defendant acted with any specific element of intent." [Doc. 73 at 6]. Ms. Brown claims the Supreme Court of Appeals of West Virginia's opinion affirming her conviction "is fatally flawed, [sic] and amounts to an incorrect application of federal constitutional law." [*Id.*]. Ms. Brown believes "there is nothing in the plain language of § 61-2-13(a) that suggests an improper intent is required for liability to attach." [*Id.* at 7]. In sum, Ms. Brown's objection claims "[w]ithout a *mens rea* element the jury was left deciding [her] guilt based on a scenario where she engaged in a regular, lawful demand (to transfer property) based on a truthful allegation of criminal conduct." [Doc. 73 at 8].

Ms. Brown's objection is a recital of the contentions raised in her Final Amended Petition. The PF&R exhaustively and appropriately considered the areas of argument warranting discussion regarding the constitutionality of the statute. As noted in the PF&R, the Supreme Court of Appeals of West Virginia's opinion states as follows:

> We have previously stressed the importance of our separation of powers doctrine, and the great deference to which the legislature is entitled in the interpretation and construction of a statute.

> In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt. Syl. Pt. 1, *State ex rel. Appalachian Power Co. v. Gainer*, 149 W. Va. 740, 143 S.E.2d 351 (1965). Further, "[w]here the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970). Based on the plain words of the statute and the applicable case law governing the interpretation and construction of this statute, this Court finds that the statute is not overbroad, as it requires that the threats are made for a purpose: to "extort money, pecuniary benefit, or any bond, note or other evidence of debt." See W.Va. Code § 61-2-13. In addition, extortion is *malum in se*. *See generally Committee on Legal Ethics of the West Virginia State Bar v. Printz*, 187 W. Va. 182, 416 S.Ed.2d 720 (1992).

[Doc. 45-1 at 3-4].

In both her objection and her Final Amended Petition, Ms. Brown primarily relies on *Rehaif v. United States*, contending the Supreme Court "has repeatedly emphasized the importance of criminal statutes containing *mens rea* or intent." [*Id*. at 12]. Ms. Brown expresses that "[i]n the words of *Rehaif*, there is nothing to separate wrongful behavior from 'an innocent mistake.'" [Doc. 62 at 13]. However, as Respondent asserts in response, Ms. Brown is merely "express[ing] her disagreement with the WVSCA's decision without showing how the decision is contrary to Supreme Court precedent." [Doc. 74 at 6]. Specifically, as both Respondent and Magistrate Judge Aboulhosn assert, *Rehaif* "was a decision of statutory interpretation, not constitutional law." [Doc. 68 at 13]. Additionally, Respondent accurately notes "West Virginia courts are not confined to its limited holding regarding firearms offenses and *Rehaif* is not applicable here." [*Id*.].

Magistrate Judge Aboulhosn rigorously traced Supreme Court precedent, including *Rehaif*, and concluded "[a]lthough W. Va. Code § 61-2-13 is silent as to a *mens rea* element, the Court can read *mens rea* such as knowledge or intent into the statute." [Doc. 72 at 55]. Furthermore, "while the statute does not define 'extort,' the term's plain meaning illuminates its significance. As the Supreme Court of Appeals of West Virginia noted, it had previously held that extortion is '*malum in se*.'" [*Id*.]. Thus, *West Virginia Code* section 61-2-13 "clearly criminalizes the use of threats with the intent to 'extort money, pecuniary benefit, or any bond, note or other evidence of debt.'" [*Id*.]. Therefore, the Supreme Court of Appeals of West Virginia's determination is not contrary to, nor an unreasonable application of, clearly established federal law, rendering Ms. Brown's Ground 1 claim meritless.

Based upon the foregoing discussion and the contents of the PF&R, the Court **OVERRULES** Ms. Brown's objection.

### IV.

For the reasons discussed herein, the Court **ADOPTS** the PF&R [**Doc. 72**], **GRANTS** Respondent's Motions to Dismiss and for Judgment on the Pleadings [**Doc. 67**], and **DISMISSES** Ms. Brown's Petition [**Doc. 2**].

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An inmate satisfies this standard by demonstrating reasonable jurists would find that her constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, Ms. Brown has not made the requisite showing. Accordingly, the Court **DENIES** a certificate of appealability.

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: September 26, 2024

Frank W. Volk
Chief United States District Judge